**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSEPH R. LEDBETTER,

      Plaintiff - Appellant,

v.

THE CITY OF TOPEKA, KANSAS,
as a city and incorporation in Kansas;
and JOAN WAGNON, as Mayor of the
City of Topeka,

      Defendants - Appellees.

No. 02-3156

(D. Kansas)

(D.C. Nos. 99-CV-2489-CM
and 99-CV-2492-CM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joseph R. Ledbetter appeals from an adverse summary judgment dismissing his federal civil rights and state law complaint[1] against the City of Topeka, Kansas (the "City"), and various officials and employees of that City. The complaint alleged violations by the defendants of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; the Vietnam Era Veterans Readjustment Assistance Act (VEVRA), 38 U.S.C. §§ 4211-4214; and the Kansas Veteran's Preference Act (VPA), Kan. Stat. § 73-201, et seq. Mr. Ledbetter's claims related generally to the City's failure to hire him for the position of executive director of the Topeka Housing Authority or as the Environmental Code Service Officer. Among other things Mr. Ledbetter alleged that he was qualified for those positions, deserved preference as a military veteran, and that the City's failure to hire him was in retaliation for his having filed complaints with the Kansas Human Rights Commission and the EEOC.

On appeal, Mr. Ledbetter does not develop any argument on specific parts of the district court's reasoning or application of the law. Rather, he asserts generally that: (1) the Kansas law relating to veterans' preferences should apply; (2) the district court erred in failing to grant Mr. Ledbetter's motion to dismiss

---

[1]The initial complaint was filed on October 21, 1999, and was consolidated with another complaint filed by Mr. Ledbetter a day later (99-CV-2489 and 99-CV-2492).

without prejudice, filed nineteen-plus months after commencement of the action; (3) a review of the record would disclose the existence of genuine issues of material facts for trial (in unspecified ways on unspecified claims); (4) he did not file many exhibits because he was misled by the district court as to the proper time for filing and, in that connection, he, as a pro se litigant, should not have been held to lawyers' standards; (5) he has never received and is entitled to a hearing; and, in general, (6) all he wanted "was the City of Topeka to respect veterans and follow Kansas law so he could feed his family and have a decent paying job . . . ." Br. of Appellant at [unnumbered] p. 7.

After a thorough review of the record as to the issues properly placed before us, we discern no error in the district court's rulings. In particular, it was a matter of discretion whether the district court granted Mr. Ledbetter's motion to dismiss without prejudice, filed more than a year and a half into the litigation and after discovery, motions, and a pretrial order. The court denied the motion as moot. We regard that ruling as a denial of the motion. However, the record supports such a ruling, taking into account prejudice to the opposing party, including the expense and effort in preparing for trial, excessive delay and insufficient explanation therefor, the stage of the litigation, and other factors. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

Accordingly, we AFFIRM for substantially the reasons stated by the district court in its memorandum opinions and orders dated August 16, 2000, February 1, 2002,[2] February 7, 2002, and March 28, 2002. The mandate shall issue forthwith.[3]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]We include this order because Mr. Ledbetter's notice of appeal references the "entire case."

[3]Mr. Ledbetter's motion to add materials to the record on appeal is denied.